UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GINO L. ESPARZA,

    Plaintiff,

v.

SHERI VERSTRAETE, *et al.*,

    Defendants.

Case No. 3:18-cv-00559-JPG-RJD

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

Plaintiff Gino Esparza alleges that the defendants—a group of police officers in the city of Collinsville, Illinois—violated his Fourth Amendment rights when they busted into his apartment without a warrant, threw him into a wall, and tore through the dwelling in a search for drugs. The defendants have now moved to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 5.) For the following reasons, the Court **DENIES** the motion to dismiss.

I.     BACKGROUND

Gino Esparza lives in an apartment in Collinsville, Illinois. (Compl. ¶ 1, Doc. 1-3.) At about 8:00 AM one morning, he awoke to a loud pounding on his front door by a Madison County probation officer. Esparza answered, and the officer said he was looking for Esparza's mother. At the same time, Esparza claims that various officers from both the Madison County Probation Department and the City of Collinsville police department were going door to door in the area around Esparza's apartment, apparently looking for drugs. Esparza told the probation officer that his mother was in his apartment, which led the officer to grab Esparza, twist his arm,

1

throw him into the wall, and handcuff him. When Esparza asked whether the officer had a warrant, the officer allegedly replied "we don't need none." (*Id.* at ¶¶ 2–13.)

Shortly thereafter, the five police officers named as defendants in this case—along with Collinsville Code Enforcement Officer Sheri Verstraete—swarmed upon Esparza's apartment despite his objections. Esparza alleges that the defendants all proceeded to search the apartment, move furniture, "[tear] up the apartment," and photograph the same. (*Id.* at ¶ 14.) When Esparza noticed that Verstraete was taking pictures, he told her to stop because she did not have a warrant, she was not a police officer, and she did not have Esparza's consent to enter. Verstraete allegedly replied: "I am from the City of Collinsville, I can do what I want." (*Id.* at ¶ 15.)

Following these events, Esparza brought suit in state court against Verstraete and the five police officers for a violation of his Fourth Amendment right against unreasonable searches and seizures. He claims that the Collinsville police officers were acting in a joint endeavor with the Madison County Probation Department to bust suspected drug sales in the area, using the Probation Department as a means to get into certain homes without a warrant. (*Id.* at ¶¶ 19–20.) The defendants removed the case to this Court on federal question grounds, properly invoking 42 U.S.C § 1983. (Doc. 1.) They have now moved to dismiss the complaint, arguing that (1) Esparza has not alleged a violation of any privacy right, and (2) Esparza did not establish that each defendant was personally involved in this case. (Doc. 5.)

## II.     LEGAL STANDARDS

### A.     12(b)(6) Motions to Dismiss

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state

a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This requirement is satisfied if the complaint: (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will...be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### B. 18 U.S.C. § 1983

In order to prove a § 1983 claim against a police officer, a plaintiff must show that the officer (1) deprived the plaintiff of rights secured by the Constitution or laws of the United States, and (2) that the defendant was acting under color of state law. *Ienco v. City of Chicago*, 286 F.3d 994, 997–98 (7th Cir. 2002); *see Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *McKinney v. Duplain*, 463 F.3d 679, 683–84 (7th Cir. 2006); *Brokaw v. Mercer Co.*, 235 F.3d 1000, 1009 (7th Cir. 2000).

## III. ANALYSIS

The Fourth Amendment provides: The "right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." U.S.

Const. amend. IV. A defendant may object to a search on Fourth Amendment grounds if he has "a legitimate expectation of privacy in the invaded place." *Katz v. United States*, 389 U.S. 347, 353 (1967); *accord Rakas v. Illinois*, 439 U.S. 128, 143 (1978). An individual has a stalwart expectation of privacy in their home: "At the Amendment's very core stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion." *Florida v. Jardines*, 569 U.S. 1, 6 (2013) (citing *Silverman v. United States*, 365 U.S. 505, 511 (1961)) (internal quotation marks omitted). Accordingly, Esparza had an expectation of privacy in his apartment.

The defendants have attempted to justify their invasion into Ezparza's castle by pointing at his mother's status as a parolee, arguing that "there is no legitimate expectation of privacy in a parolee's residence when the parolee is present." (Doc. 6, p. 5.) But this assertion is only halfway correct: parolees' homes are protected by the Fourth Amendment's reasonableness standards "like anyone else's," *Griffin v. Wisconsin*, 483 U.S. 868, 873 (1987); *Green v. Butler*, 420 F.3d 689, 701 (7th Cir. 2005), though parolees do have a lower expectation of privacy in their home than the general population. *Samson v. California*, 547 U.S. 843, 852 (2006). This is especially true when a state requires its inmates who opt for parole to submit to suspicionless searches by police or probation officers by way of statute or some other order. *United States v. Knights*, 534 U.S. 112, 119–20 (2001).

With that in mind, we have two problems in this case. First, as Esparza points out in his response, the complaint does not plead that Esparza's mother actually lived at his residence—it only states that she was present at the time of the search. If one co-tenant objects at the door to a search of a home while the other co-tenant consents, the permission from one does not automatically make the search reasonable. *Georgia v. Randolph*, 547 U.S. 103, 105 (2006);

4

*United States v. Henderson*, 536 F.3d 776, 780 (7th Cir. 2008); *Thornton v. Lund*, 538 F. Supp. 2d 1053, 1058 (E.D. Wis. 2008). So if the defendants think that Esparza and his mother were co-tenants, the defendants in this case still need to prove that the search was reasonable through the mother's conditions of parole, Esparza's and his mother's relationship, the lease, and other matters that require discovery and evidence—meaning this case is not ripe for adjudication at the motion to dismiss stage. And if Esparza and the mother were not co-tenants, then the defendants may have an even higher mountain to climb—though again, not one appropriate at the motion to dismiss stage.

Second, the defendants' argument that the complaint does not allege personal action or involvement for each of them is baseless. The complaint clearly states:

> "14. Thereafter, the probation officers, the Collinsville Illinois Police officers named as Defendants herein, and Collinsville Code Enforcement Officer Sheri Verstraete, all entered Plaintiff's apartment, over the objection of Plaintiff, and proceeded to search the apartment, moving furniture, generally tearing up the apartment, generally making a mess, and photographing same."

As Esparza points out, he did not plead that the defendants "were all down the street at the local tamale shop watching this unfold on TV." (Doc. 10, p. 2.) Rather, he has stated a plausible claim that each defendant herein illegally entered his home in contravention of the Fourth Amendment. *Bell Atl.*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678 (2009). And contrary to the defendants' assertion, this is more than just "an unadorned accusation that Plaintiff was harmed…in some unspecified way." (Doc. 6, p. 5.) This case will proceed.

## CONCLUSION

For the reasons herein, the Court **DENIES** the defendants' motion to dismiss. (Doc. 5.)

**IT IS SO ORDERED.**

**DATED: MAY 14, 2018**

s/ *J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**